UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JURY TRIAL DEMANDED

CHRISTOPHER T. BERES
and
ANDREW DELANEY,

                Plaintiffs,

vs.

RELX PLC
and
RELX INC. d/b/a LexisNexis USA,

                Defendants.
_____/

## COMPLAINT

Plaintiffs, CHRISTOPHER T. BERES, an attorney representing himself, and ANDREW

DELANEY, by and through his undersigned counsel TINO GONZALEZ, ESQ. sue RELX PLC

and RELX INC. and state as follows.

## JURISDICTION AND VENUE

1.      Jurisdiction for this cause of action lies within this court by virtue of 28 U.S.C.

1332.  This is an action for defamation and the parties are diverse in citizenship.

2.      Plaintiff, CHRISTOPHER T. BERES ("Beres"), is a citizen and resident of the

State of Florida.

3.      Plaintiff, ANDREW DELANEY ("Delaney"), is a citizen and resident of the State of Florida.

4.      RELX PLC is a publicly listed English holding company incorporated in England with its principal place of business in London, England, United Kingdom ("RELX PLC").

5.      RELX INC. d/b/a LexisNexis USA ("RELX INC." and together with RELX PLC, "RELX") is a Massachusetts corporation with its principal place of business in New York, New York and is therefore diverse in citizenship to plaintiffs by virtue of 28 U.S.C. 1332(c)(1).  RELX owns Portfolio Media, Inc. which publishes Law360, a legal news service.

6.      The amount of damages sought in this cause of action is $2,000,000 in compensatory damages and $20,000,000 in punitive damages, thus meeting the subject matter jurisdiction requirements of 28 U.S.C. 1332 (a) because the matter in controversy exceeds the sum or value of $75,000.

7.      Venue is proper in the Southern District of Florida for the following reasons:

a)      The tort which is the basis of this lawsuit was committed in South Florida in addition to all over the world.  South Florida has a population of approximately 10 million people, thus making the alleged defamatory statements in this venue significant.

b)      Plaintiffs are citizens of the State of Florida and reside in South Florida.

c)      Venue is further proper because defendants have and/or continue to regularly conduct business in Florida.  RELX is registered with the Division of Corporations, Florida Department of State.  RELX maintains offices in Boca Raton, Fort Lauderdale, Miami, Orlando,

and Temple Terrace.   Its Fort Lauderdale office is located at 3550 Powerline Road, Fort

Lauderdale, Florida 33309.  Law360 has a section "Florida : Law360 : Legal News & Analysis

https://www.law360.com › florida Legal news and analysis on Florida litigation, policy, deals" and

"Florida Pulse" and has reporters based in Florida.

8.      Defendants are liable to personal jurisdiction under Florida's long-arm statute Fla.

Stat. § 48.193 (2017) because they defamed plaintiffs in the State of Florida.  Several persons in

the State of Florida, including members of the Florida Bar, accessed the articles in Law360 in the

State of Florida.  Exhibit A.  The material was accessed-thus-published in Florida.  Defendants

have transacted business and engaged in tortious conduct, by affirmative act or omission, in the

State of Florida such that they reasonably anticipated being subject to personal jurisdiction before

the courts of this State.  Defendants have also transacted business and engaged in tortious conduct,

by affirmative act or omission, outside of the State of Florida whereby they reasonably anticipated

that injury would result and has, in fact, resulted upon persons within the State of Florida.  As

such, this Court has personal jurisdiction over defendants pursuant to Fla. Stat. §§ 48.193(1)(a)(2)

and 48.193(1)(a)(6).

9.      This Court has jurisdiction pursuant to the provisions of Chapter 501, Part II,

Florida Statutes.   The acts or practices alleged herein occurred in the conduct of "trade or

commerce" as defined in Section 501.203(8), Florida Statutes.

3

10.     The statutory violations alleged herein occurred in or affect more than one judicial district in the State of Florida, including the Southern District of Florida.

COUNT ONE –
DEFAMATION (SLANDER AND LIBEL)

11.     This is an action for damages arising from RELX's publication of four articles containing false, injurious, and defamatory statements about plaintiffs in 2021-2022.  The tortious acts commenced on February 24, 2021 and occurred on December 20, 2021, January 4, 2022, and January 6, 2022.

12.     Prior to the filing of this lawsuit, Dennis Fairbanks, Esq., Barbara Jimmis, Maria Morton, Anthony Trombetta, and others, all Florida citizens and residents, accessed the articles in the State of Florida, opened them, and read them.  Mr. Fairbanks is a member of the Florida Bar. They said that the articles defamed plaintiffs.

13.     Beres has been a member in good standing of the Florida Bar for almost 20 years. He is a professional of high repute.

14.     Delaney was Beres's client.

15.     On April 15, 2020, Beres sued Toyota Motor Corporation and Toyota Motor North America, Inc. (collectively, "Toyota") and Akio Toyoda on behalf of a John Doe client in the courts of Florida.  *John Doe v. Toyota Motor Corp. et al.,* No. 05-2020-CA-024281 (Fla. 18th Cir. Ct. filed on April 15, 2020).   On April 22, 2020, in order to preempt an employment and public health lawsuit which they knew was coming against them, Toyota and its law firm, Wilmer, Cutler,

Pickering, Hale, and Dorr LLP ("Wilmer Hale"), had their job agency HC2, Inc. ("HC2") sue

Delaney in the United States District Court for the Southern District of New York ("SDNY")

seeking an ex parte temporary restraining order ("TRO") and a preliminary injunction ("PI") and

*asserting only two claims for 1) breach of contract and 2) faithless servant doctrine*.  *HC2, Inc. v.*

*Delaney*, 1:20-cv-03178 (S.D.N.Y. filed on April 22, 2020) (Liman, J.).   On April 22, 2020, the

Honorable Lewis J. Liman *denied* HC2's ex parte TRO motion.  On May 27, 2020, Judge Liman

also *denied* HC2's application for a PI.

16.     In rejecting the PI, Judge Liman issued an order referring to and discussing

"Delaney's lawyer" (Beres) and ruled that Beres's April 7, 2020 employment demand letter to

Akio Toyoda, Chairman of Toyota Motor Corporation, was "a routine demand letter" and "it's not

an extortion".   Exhibit B.   The federal judge held that Beres was merely exercising his and his

client's rights under the law:

> "Delaney's lawyer makes the allegation that plaintiff violated Delaney's rights and then
> states 'I hereby grant you seven days from the date of this letter to contact me with your
> offer to settle this case. If you fail to contact me by this date, I will commence legal action
> against you without further notice.' The evidence is that letter was only given to the
> plaintiff in this case shortly before the state court complaint was filed and not with the full
> seven days. Even then it is a routine demand letter and it's not an extortion.  *See U.S. v.*
> *Jackson*, 180 F.3d 55, 61, that a claim of right is not an extortion."

(emphasis added)  Judge Liman further held that the information in the case was of no value to

anyone and were not trade secrets.

> "Number two, there has been no showing that any information Delaney has is of any
> commercial value to any third party or that there would be any benefit to Delaney from
> disclosing that information. The only value that the information apparently has -- at least
> in Delaney's mind -- is as evidence in support of his claim against HC2."

(emphasis added) Since any information was judicially determined to have no value, it would not have been possible to use it to "blackmail" Toyota.

17.     Judge Liman read the order out loud in open court at a public hearing at which reporters, including a reporter from Law360, attended.

18.     RELX's Law360 has falsely and libelously written that plaintiffs have been accused of[1] crimes and are being sued for crimes.  RELX has published that plaintiffs were accused of and sued for extortion, blackmail, a shakedown[2], and stealing.  Its headlines refer to the case as the "Extortion Case" or the "Blackmail Suit".  The whole purpose was to portray plaintiffs – attorneys in good standing for years - as criminals and persons being accused of and sued for crimes. However, none of these criminal terms or causes of action are contained in the SDNY complaint. The articles in question are not a "fair report".

19.     This false material clearly targeted Beres as the author of the employment demand letter.  As is clear from the face of Beres's letter at Exhibit B, and as ruled on by Judge Liman, it does not contain any of the false content ascribed to it by Law360.  Firstly, there is no civil extortion in New York.  Secondly, a predicate of extortion is a threat and a demand for money. On its face and per Judge Liman's ruling, the Beres letter did not a) make a threat nor did it b) demand payment of money.  In fact, there is no dollar amount demanded in the letter at all let alone "$450,000".

20.     In 2021 and 2022, RELX recently published four defamatory articles about plaintiffs.  Two articles refer to Beres by name and the others are followed by links to news reports naming him.  See, e.g., "Ex-WilmerHale Temp Says White House Atty Lied For Toyota"

---

[1] The dictionary states that "An accusation is a claim that someone is guilty of a crime or offense."

[2] "Shakedown" is defined as "an act or instance of shaking someone down especially : extortion."

(February 18, 2021) and "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case" (February 24, 2021).

21.     The defamatory content in the four articles in 2021 and 2022 is presented chronologically below starting on February 24, 2021 as follows:

1.     "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case"

February 24, 2021

22.     On February 24, 2021, RELX's Law360 published a story online with the headline: "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case."  This headline implies that Delaney worked for Wilmer Hale.  The article also contains the following false and defamatory statement: "Hire Counsel then immediately outed Delaney as the John Doe in Florida by way of a Manhattan federal suit that accused him of stealing confidential information and extortion. That case is pending."  The Manhattan federal suit is a civil case for breach of contract.  There is no case "pending" against Delaney for "stealing confidential information and extortion" since none was ever filed in the first place.  It was RELX which published these false and defamatory accusations against plaintiffs.

2.     "Ex-WilmerHale Temp Moves To DQ Judge In Employment Case"

December 20, 2021

23.     On December 20, 2021, Law360 published a story online with the headline: "Ex-WilmerHale Temp Moves To DQ Judge In Employment Case."  The article contains the following false and defamatory statement:

"Law360 (December 20, 2021, 3:48 PM EST) -- A former WilmerHale document reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing a Southern

District of New York <u>suit that accuses him of extorting his former law firm</u> because of the judge's alleged previous employment there."

(emphasis added) Law360 falsely and libelously wrote that Delaney was "accused" of "extorting his former law firm."   That is a very serious charge.   Also, contrary to this libel, *Wilmer Hale is not Delaney's "former law firm"*.   This statement means, and would be interpreted by Law360's readers in the legal industry as meaning or at least giving the impression, that Delaney, who is 59 years old, is a former partner in Wilmer Hale.   Referring to a lawyer's "former law firm" is usually understood to mean that he was a partner there, especially at Delaney's age.   This is common parlance in the legal industry.   This is especially defamatory, as Law360 knew or should have known, because a law partner owes a duty of loyalty to his partners and the partnership.   These statements clearly imply that Delaney was accused of breaching his duty to "his former law firm" when the truth is he was not a partner there and was instead an independent contractor for Toyota's job agency (HC2).   This is another false and defamatory statement about Delaney designed to make him look even worse as a supposed ex-member of Wilmer Hale who is extorting it and its partners.

3.      "Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case"

January 4, 2022

24.      On January 4, 2022, Law360 published a story online with the headline: "Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case."   The headline is libelous.   It contains the following false and defamatory statement:

"HC2 <u>sued</u> Delaney, who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, <u>for allegedly trying to extort</u> $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up."

(emphasis added) This quote clearly states that Delaney was *sued for extortion*.

4.    "Court Rejects Recusal Bid In WilmerHale Extortion Suit"

January 6, 2022

25.    On January 6, 2022, Law360 published a story online with the headline: "Court Rejects Recusal Bid In *WilmerHale Extortion Suit*." (emphasis added) The headline is defamatory. It falsely asserts that Wilmer Hale sued Delaney for extortion.  Wilmer Hale *did not sue* plaintiffs. HC2 sued Delaney but not for extortion, since there is no civil extortion in New York and *it is a crime*.   RELX also accuses Beres of extorting Wilmer Hale by clear implication since he was acting for his client.

26.    The article also contains the following false and defamatory statements:

"Law360 (January 6, 2022, 4:54 PM EST) -- A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm, despite his argument that U.S. District Judge Lewis J. Liman should be disqualified because of his previous employment there…."

"Delaney was sued by H2C, the staffing agency that had hired him to review documents for WilmerHale, in April 2020. Delaney, who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale, was accused of trying to extort $450,000 from the agency, WilmerHale and the carmaker, and of revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up."

27.    Sometime after the article was published and had already been widely read, Law360 removed the word "Extortion" from the January 6, 2022 article and changed this to read that Delaney was accused of "leaking sensitive law firm information":

"A New York federal district court said Thursday that it would not recuse itself <u>in a suit against a former WilmerHale document reviewer that accuses him of leaking sensitive law firm information</u>, despite his argument that U.S. District Judge Lewis J. Liman should be disqualified because of his previous employment there."

(emphasis added) After Delaney complained to it, Law360 partially changed some of the wording. However, *it actually made the story even worse* by now adding to the pile of defamation that the lawsuit against "a former WilmerHale document reviewer" "accuses him of leaking sensitive law firm information." Unfortunately for RELX, that is *yet an additional false and defamatory statement about plaintiffs*. Nowhere in the HC2 complaint in the SDNY are plaintiffs accused of "leaking sensitive law firm information." Neither of the words "leak" nor "sensitive" even appear in that complaint at all. This was never reported in Law360's previous stories about the case, only the most recent (January 6, 2022). It looks like a new line of libel against plaintiffs which goes to the heart of RELX's intentions. Also, while removing the word extortion and replacing it with this new libel, Law360 *expressly refused to remove the words extortion and blackmail from the earlier articles about the case*. It stubbornly stuck to its stories.

28.     These articles slanderously depict plaintiffs and impute misconduct to them.

29.     Such conduct is in direct violation of law and outside first amendment protection.

30.     The defamatory content about plaintiffs spread like a disease including on social media and in other publications.

31.     The damage to plaintiffs' reputations does not have to be imagined. Defendants' false and libelous statements, when considered alone and without innuendo, have a) negatively impacted plaintiffs' trustworthiness and character and b) caused plaintiffs to be subject to distrust, ridicule, contempt, and disgrace.     There are two bases for RELX's statements to be considered to be <u>defamatory per se</u> in that they are a) statements charging a plaintiff with a serious crime and

b) statements that tend to injure another in his trade, business, or profession.  Both plaintiffs are attorneys.

32.     The defamatory statements defendants published were made by them at least negligently and without regard for the truth because they knew or should have known their statements to be false.  RELX used the four above-quoted stories to scare people and to increase its readership and revenues at plaintiffs' expense during the second worst pandemic in U.S. history. It is important to note that this case has been the most read story in the almost 20-year history of Law360.  Exhibit C.

33.     As a direct and proximate result of defendants' defamatory actions, plaintiffs have suffered and continue to suffer damage, including, but not limited to, damage to their reputations, embarrassment, pain, humiliation, mental anguish, and they have sustained past and future loss of earnings.  No client or employer would ever hire a lawyer or individual who is accused of and/or being sued for crimes.

34.     At the time the false and damaging statements were published, defendants knew or should have known them to be false.  Defendants made their statements at least negligently, and nonetheless, made and/or published the statements with an intent to indulge ill will, hostility, and an intent to harm, thus giving rise to the right to recover punitive damages in order to deter defendants from engaging in this conduct in the future and hopefully restore integrity to both defendants and the media as a whole.

WHEREFORE, plaintiffs demand:

a)      Judgment against defendants in the amount of Two Million Dollars ($2,000,000)

as compensatory damages.

b)      Twenty Million Dollars ($20,000,000) as punitive damages.

c)      All taxable litigation costs, pre-judgment interest, and post-judgment interest.

d)      A trial by jury.

Dated:  February 10, 2022              /s/Tino Gonzalez_____
                                       Tino Gonzalez, Esq.
                                       *Attorney for Plaintiff Andrew Delaney*
                                       Florida Bar No.:  378089
                                       1600 Sarno Road Ste. 1
                                       Melbourne, FL 32935
                                       (321) 751-9675
                                       tino@tinolegal.com

                                       /s/Christopher T. Beres
                                       Christopher T. Beres, Esq.
                                       *Attorney for Christopher T. Beres*
                                       Florida Bar No.: 588261
                                       16975 NE 35th Ave
                                       North Miami Beach, FL 33160
                                       (321) 339-9301
                                       christopherberes8@gmail.com

<u>CERTIFICATE OF COMPLIANCE</u>

I HEREBY CERTIFY that plaintiffs have complied with the pre-suit notice requirement of Fla. Stat. § 770.01.


Dated: February 10, 2022                    <u>/s/Tino Gonzalez</u>
                                            Tino Gonzalez, Esq.

                                            <u>/s/Christopher T. Beres</u>
                                            Christopher T. Beres, Esq.

Exhibit A



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case

By **Frank G. Runyeon**

Law360 (February 24, 2021, 6:53 PM EST) -- A Florida state judge on Monday declined to unseal allegations of corruption leveled against Toyota by an ex-WilmerHale temp who worked on an internal document review project related to the automaker's operations in Thailand.

Judge Curt Jacobus found that a motion filed by nonparty Luca Roveda, a self-described "member of the press" in Thailand, seeking to vacate the court's previous sealing order would need to be thrown out and refiled. According to the judge, Roveda's attorney Tino Gonzales was still technically counsel for former BigLaw attorney and WilmerHale temp Andrew Delaney, the "John Doe" plaintiff in the case.

"You are still representing Mr. Doe in that case, and now you've filed a bunch of stuff in here on behalf of the nonparty," Judge Jacobus said, according to a rough transcript and video of the hearing. "We're not going to go forward anymore with that, with this motion, until that gets squared away."

Gonzales told the judge he had filed a notice of withdrawal as Delaney's counsel but admitted he hadn't actually spoken to Roveda. In his defense, he noted that his new client was "half a world away" in Thailand.

"I understand," the judge said, but "that concerns the court right now."

"We are pleased that the court denied the motion to vacate the previous sealing order," a Toyota spokesperson said in a statement. "The order in place continues to appropriately protect Toyota's attorney-client privileged information from public disclosure."

Delaney's lawsuit, filed last April but quickly sealed, accuses Toyota of **hiding** allegedly corrupt practices in Thailand, including concealing defects in some of its car models. Toyota denies those allegations.

Delaney says former WilmerHale counsel Michael Posada — now a White House associate counsel — lied under oath during a sealed hearing in December by feigning ignorance of the corruption claims that Delaney says triggered an internal Foreign Corrupt Practices Act investigation Posada oversaw. Toyota says that Posada, who is not named as a defendant in the case, acted appropriately.

Delaney and Roveda sent out a raft of subpoenas demanding Posada and three other former WilmerHale attorneys now working in the White House appear at the hearing alongside the CEO and general counsel for Toyota North America. None appeared at Monday's hearing.

Toyota said the subpoenas were never issued by the court, and that Delaney's attorney Christopher Beres had not asked the court to do so. The company filed a motion to quash the subpoenas as defective, but the judge had not ruled on that request as of Wednesday.

Beres insisted the subpoenas were validly issued and properly served via certified mail.

The White House declined to comment. Posada did not immediately respond to messages left on his voicemail Wednesday.

In opposing the motion to vacate the court's December sealing order, Toyota also unsuccessfully sought to seal the courtroom. Its attorneys complained about leaks to the press and accused Gonzalez of violating the court's secrecy orders by providing sealed information to Roveda, a claim Gonzalez denies. Toyota counsel Jim Fallace of Fallace & Larkin LLC said he plans to file a motion for sanctions for the alleged leaks, but did not specify against whom.

Delaney first anonymously filed his "John Doe" suit against Toyota in Florida state court in April 2020, claiming wrongful termination stemming from the outbreak of COVID-19 in New York City and that the car manufacturer had defrauded investors to the tune of half a billion dollars by hiding its alleged wrongdoing.

Days after Delaney sued, Toyota had the entire complaint provisionally sealed, claiming it contained confidential, privileged information. Hire Counsel then immediately outed Delaney as the John Doe in Florida by way of a Manhattan federal suit that **accused** him of stealing confidential information and extortion. That case is pending.

Doe is represented by Christopher Beres and Tino Gonzales.

Roveda is also represented by Tino Gonzales.

Toyota is represented by James H. Fallace and Andrew J. Williams of Fallace & Larkin LLC, and Vincent A. Citro of Law Offices of Horwitz & Citro PA.

The case is Doe v. Toyota Motor Corp. et al., case number 05-2020-CA-024281, in the Eighteenth Judicial Circuit Court of the State of Florida.

--Editing by Adam LoBelia.

All Content © 2003-2021, Portfolio Media, Inc.



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Ex-WilmerHale Temp Moves To DQ Judge In Employment Case

By **Jack Rodgers**

Law360 (December 20, 2021, 3:48 PM EST) -- A former WilmerHale document reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing a Southern District of New York suit that accuses him of extorting his former law firm because of the judge's alleged previous employment there.

Andrew Delaney, who worked as a Thai language document reviewer for WilmerHale through staffing agency HC2 or Hire Counsel, said in a motion to recuse Judge Liman Monday that his alleged former work as a WilmerHale partner was a conflict of interest.

Judge Liman's relationships with two current WilmerHale partners, Jay Holtmeier and Jamie Gorelick, contributed to "rulings against Delaney without regard to the case law or applicable legal standards," and were further evidence of Judge Liman's bias, according to that motion.

"This case should never have been filed in this court in the first place and has been dragging out unlawfully for 20 months despite there being no jurisdiction," Delaney said in the motion. "This is due to Judge Liman's neglect of his duty as an Article III officer."

Hire Counsel **sued** Delaney in April, saying he was threatening to expose proprietary information about WilmerHale's review of Toyota's sensitive documents.

But Delaney said in his Monday filing that Judge Liman's bias as a former WilmerHale partner resulted in the dismissal of his $20 million **counterclaim** against the agency for whistleblower retaliation and a number of other infractions in response to his assertion that the firm was sidestepping COVID-19 protections and regulations. Judge Liman's bias had resulted in his dismissal of those claims, Delaney said.

"Secondly, recusal is warranted due to Judge Liman's opinion that HC2's false allegations against Delaney 'have to be accepted as true' and were 'serious,' whereas all of his truthful claims against HC2 were 'speculative,'" Delaney said in the motion.

While Delaney had reported the firm's employees were coming to work with flu-like symptoms and failed to take proper precautions to not spread disease, Judge Liman had ruled in dismissing those counterclaims that Delaney shouldn't have been given additional whistleblower protection from termination because of superficial issues with his language, the motion said.

"Thus, according to Judge Liman, Delaney's report was not valid because he used the words 'flu-like symptoms' and not 'acute respiratory illnesses' and when he complained about workers coughing and sneezing that Delaney did not state that they 'failed to cover their noses and mouths with a tissue,'" Delaney said in the motion. "This is manipulative semantics calculated to dismiss all of Delaney's counterclaims."

In an email to Law360 on Monday, Delaney said the suit "is and was a fraud on the court."

"There is no subject matter jurisdiction and no diversity," he said. "The case should have been dismissed a year ago."

Michael Nacchio, an Ogletree Deakins Nash Smoak & Stewart PC attorney who represents HC2, did

not respond to a request for comment Monday.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney represents himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Frank G. Runyeon. Editing by Gemma Horowitz.

---

All Content © 2003-2021, Portfolio Media, Inc.



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case

By **Andrew Strickler**

Law360 (January 4, 2022, 4:39 PM EST) -- The "latest fantasy" of a onetime WilmerHale document reviewer seeking to remove the New York federal judge overseeing an extortion case against him should be rejected, staffing agency HC2 told the court Monday.

Answering a recusal request from Andrew Delaney, the company urged the court to reject his claims that U.S. District Judge Lewis J. Liman was biased because of his long-ago employment at WilmerHale, saying the request was rife with "facial absurdity" and legal defects.

The company argued that Delaney lost standing in the case when he was substituted out for the trustee of his bankruptcy estate three months ago.

Moreover, Delaney's conspiracy-heavy motion that the court's decision to toss his counterclaims more than a year ago was the product of judicial bias ignores the "numerous pleading defects" the judge cited in his decision.

And since the judge's former connection to WilmerHale wasn't raised over the case's nearly two-year duration, Delaney's request simply came too late, the company said.

Delaney's suggestion that Judge Liman's long-ago job at a WilmerHale predecessor firm "somehow makes the court biased or part of a vast conspiracy theory ... is absurd, unsupported, and should be rejected out of hand," the filing states.

HC2 sued Delaney, who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for allegedly trying to extort $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up.

Delaney then sought $20 million in damages on nine counterclaims against the agency, including those for fraud and whistleblower retaliation.

The court granted HC2's initial motion to **dismiss** Delaney's claims without prejudice in July 2020, and later that year threw out his amended counterclaims with prejudice.

The case was later stayed after HC2 notified the court that Delaney had filed a Chapter 7 petition in New York. In October, a bankruptcy judge approved a settlement between the trustee of Delaney's estate and HC2 that released Delaney's already-dismissed counterclaims.

Judge Liman then ordered the substitution of the trustee as defendant, a decision Delaney has already indicated he will appeal.

In recent weeks, Delaney was back in court with a **disqualification motion** in which he argued that Judge Liman had undisclosed conflicts of interest as a former WilmerHale partner that led to "constant bias and rulings" against him.

Delaney, who is representing himself, did not reply to a request for comment. Michael Nacchio of Ogletree Deakins Nash Smoak & Stewart PC, who represents HC2, also did not respond to a message.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney is representing himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Jack Rogers and Frank G. Runyeon. Editing by Adam LoBelia.

All Content © 2003-2022, Portfolio Media, Inc.



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Court Rejects Recusal Bid In WilmerHale Extortion Suit

By **Matt Perez**

Law360 (January 6, 2022, 4:54 PM EST) -- A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm, despite his argument that U.S. District Judge Lewis J. Liman should be disqualified because of his previous employment there.

The U.S. District Court for the Southern District of New York determined that Andrew Delaney, who filed for Chapter 7 bankruptcy last fall, had no standing to invoke the recusal statute given that he was replaced as defendant in the bankruptcy case by the trustee in November.

Delaney **was sued by H2C,** the staffing agency that had hired him to review documents for WilmerHale, in April 2020. Delaney, who'd worked on a Toyota matter as a Thai- language reviewer for WilmerHale, was accused of trying to extort $450,000 from the agency, WilmerHale and the carmaker, and of revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up.

Delaney later sought $20 million in damages on nine counterclaims including fraud and whistleblower retaliation, but the court eventually dismissed his amended counterclaims with prejudice. Some time after Delaney sought Chapter 7 bankruptcy, the trustee, Gregory Messer, reached a settlement with H2C, known as Hire Counsel, that dismissed all of Delaney's counterclaims.

"With the substitution of the Chapter 7 trustee, Delaney was terminated as a party to this action," the court wrote Thursday.

The court also denied what it called his "meritless" arguments explaining why the court's judges, specifically Judge Liman, should recuse themselves from the suit following the denial of several of Delaney's counterclaims.

The court found that an "objective, informed observer" could not question the court's impartiality due to Judge Liman's former employment at Wilmer Cutler & Pickering (now WilmerHale) nearly 20 years ago, given that the facts of the dispute emerged over a decade after that affiliation ended.

Further, the court denied Delaney's accusation that the court has an ongoing professional or personal relationship with WilmerHale partners Jay Holtmeier and Jamie Gorelick.

"Delaney points out that the court and Jay Holtmeier were both listed on the government's brief in United States v. Bayless, which was decided in 2000," Judge Liman wrote in the order. "That, in my prior capacity as an assistant United States attorney over two decades ago, I worked with Mr. Holtmeier on behalf of our common client — the United States government — is too remote to this case to raise the appearance of impropriety."

Finally, the court ruled that the r**ecusal motion filed last month** was untimely given that it came over a year and half after the start of the case and because Judge Liman's affiliation with the predecessor of WilmerHale had been public knowledge for two decades.

Delaney later sought $20 million in damages on nine counterclaims including fraud and whistleblower retaliation, but the court granted HC2's initial motion to dismiss the claims without prejudice in **July 2020** and later dismissed his amended counterclaims with prejudice.

The court on Thursday ordered HC2 and the defendant to file a joint letter by Feb. 18 stating the status of the bankruptcy matter, the automatic stay issued in relation to it and whether the stay should remain in place or not.

Delaney and Michael Nacchio of Ogletree Deakins Nash Smoak & Stewart PC, who represents HC2, did not immediately respond to a request for comment.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney is representing himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

-Additional reporting by Andrew Strickler. Editing by Karin Roberts.

All Content © 2003-2022, Portfolio Media, Inc.

Exhibit B

**The Law Office of Christopher T. Beres**
**1600 Sarno Road, No. 1**
**Melbourne, FL 32935**
**Tel. (321) 339-9301**
christopherberes8@gmail.com

April 07, 2020

███████████

**Toyota Motor Corporation**
**1 Toyota-Cho**
**Toyota City**
**Aichi Prefecture 471-8571**
**Japan**
████████@toyota.co.jp

*Dear Mr.*████████████████:

*I represent Andrew Delaney against Toyota.*

*You used Mr. Delaney to be a* ██████ *language document reviewer to assist you with* ████████
██████████████████████████████████ *starting on September 30, 2019.*

*On March 17, 2020, you had Mr. Delaney illegally fired for raising concerns about unlawful and unsafe conditions in your workplace.*

*Prior to this date, you illegally disclosed Mr. Delaney's identity, involvement, and work-product to the other side.*

*At first, you did not inform him about the subject matter of the case which was* ████████
█████████████████████████████████████████████

*Toyota insisted on* ██████████████████████████████████████████
███████████████████

HC2-05000511

*For Toyota,* ███████████████████████████████████████ *but you had no right to drag
Mr. Delaney into this.*

███████████████████████████████████████████████ *You have destroyed Mr.
Delaney's residence and business and placed his life in grave danger.*

*After Mr. Delaney was a whistleblower and complained about* ███████████, *you defamed him,
made up lies about him, and threatened him.*

*I hereby grant you 7 days from the date of this letter to contact me with your offer to settle this case.*

*If you fail to contact me by this date, I will commence legal action against you without further notice.*

*Very truly yours,*

*Christopher T. Beres*

Christopher T. Beres

HC2-05000512

Exhibit C

 **Frank G. Runyeon**
4,706 Tweets

**Follow**

⇄ **Frank G. Runyeon Retweeted**

 **Law360** @Law360 · Dec 23, 2021                           ···

Law360's No. 1 story of 2021 was @frankrunyeon's reporting on federal prosecutors impaneling a grand jury in Texas as part of a probe into Toyota's alleged bribery of Supreme Court judges in Thailand in an effort to overturn a $350 million tax judgment.



law360.com
DOJ Takes Toyota Thai Bribery Probe To Texas Grand Jury - Law360
U.S. authorities are ramping up their Foreign Corrupt Practices Act investigation of Toyota, with federal prosecutors impaneling a grand ...